IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DIEN XUAN NGO,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:25-CV-1943-L-BT** |
| | § | |
| **KRISTI NOEM**, in her capacity as | § | |
| Secretary of Department of Homeland | § | |
| Security; **TODD M. LYONS**, in his | § | |
| capacity as Acting Director of ICE; | § | |
| **and JOSH JOHNSON**, in his capacity | § | |
| as U.S. Immigration and Customs | § | |
| Enforcement, Dallas Field Office, | § | |
| | § | |
| Respondents. | § | |

# ORDER

On February 25, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 18) was entered, recommending that the court deny Petitioner's Emergency Petition for Writ of Habeas Corpus (Doc. 2) brought pursuant to 28 U.S.C. § 2241 and dismiss with prejudice this action. This recommendation by the magistrate judge takes into account and rejects the arguments asserted by Petitioner in his Emergency Petition for Writ of Habeas Corpus (Doc. 2) and his Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 4) in which he challenges the legality of his detention on the grounds that: (1) U.S. Immigration and Customs Enforcement ("ICE") failed to follow the removal procedures required by 8 C.F.R. § 241.13(i); and (2) his removal is not significantly likely in the reasonably foreseeable future, thus violating his rights under the Due Process Clause of the Fifth Amendment to the United States Constitution. The Report notes that the parties, both of which are represented by counsel, did not oppose the consolidation of the issues before the magistrate judge.

The magistrate judge's recommended disposition of the foregoing motions and Petitioner's request for habeas and injunctive relief in this case turns on her determination that Petitioner is not entitled to relief under 8 C.F.R. § 241.13(i) despite his assertions to the contrary because: (1) Respondents did not violate the procedural requirements of § 241.13(i)(3); (2) even if Respondents violated relevant procedural requirements, such error is harmless; and (3) even if Respondents failed to abide by the requirements of § 241.13(i)(3), and the error were harmful, a writ of habeas corpus would not be the appropriate remedy.

In addition, the magistrate judge determined that, as circumstances have changed and there is now a significant likelihood that Petitioner may be removed to Vietnam in the reasonably foreseeable future, Respondents did not violate § 241.13(i)(2) or the Fifth Amendment of the United States Constitution because: (1) ICE was not required to make an individualized determination of the likelihood of removal; and (2) changed circumstances currently justify Petitioner's redetention since there is now a significant likelihood he can be removed.

The magistrate judge, however, notes that Respondents may not detain Petitioner indefinitely. The magistrate judge, therefore, recommends that Respondents should be encouraged to proceed with Petitioner's removal in an expeditious manner. The magistrate judge further notes that the prohibition against successive petitions does not apply to habeas petitions under § 2241, so there is no bar to Petitioner bringing another habeas application challenging his nonremoval if new evidence arises—such as the government's inability to remove him.

No objections to the Report were filed by counsel for Petitioner or Respondents, and the deadline for filing objections has expired without either side seeking an extension of the deadline for filing objections.

Having considered Petitioner's Emergency Petition for Writ of Habeas Corpus (Doc. 2), Petitioner's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 4), the parties' briefs, the record, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **denies** Petitioner's Emergency Petition for Writ of Habeas Corpus (Doc. 2); **denies** Petitioner's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 4); and **dismisses with prejudice** this action. In light of these rulings, the court also **denies as moot** Petitioner's Motion for Evidentiary Hearing (Doc. 15).

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    (a)    Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    (b)    Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 3**

in this case. In the event that a notice of appeal is filed, Petitioner must pay the applicable appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

    **It is so ordered** this 12th day of March, 2026.

 

Sam A. Lindsay
United States District Judge

Order – Page 4